```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
STERLING M. JACKSON,          :    NO. 1:07-cv-00281
                              :
        Petitioner,           :
                              :
             v.               :    OPINION AND ORDER
                              :
JAMES ERWIN, Warden,          :
                              :
        Respondent.           :
                              :
```

This matter is before the Court on the Magistrate Judge's January 15, 2008 Report and Recommendation (doc. 13), and Petitioner's Objection (doc. 15). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

Petitioner, Sterling M. Jackson, an inmate in state custody at Pickaway Correctional Institution in Orient, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). In 2002, Petitioner pled guilty in state court to charges of burglary and trespass and was sentenced to twenty-eight months in prison (doc. 5). After Petitioner's release from custody, he was placed on post-release control (Id.). Later, in 2004, Petitioner was arrested on two charges of burglary, in violation of Ohio Rev. Code § 2911.12 (Id.). Petitioner was also charged with escape for failing to report to his parole officer pursuant to the terms of

his post-release control (Id.). Petitioner pled guilty to the escape charge and a jury found him guilty on both burglary charges (Id.). The Butler County, Ohio, Court of Common Pleas sentenced Petitioner on January 13, 2005, to a total of seven years and five months in prison (Id.). Petitioner appealed the burglary and escape convictions to the Butler County Court of Appeals, which upheld the lower-court's decision (Id. citing State v. Jackson, Nos. CA 2005-02-033, CA 2005-03-051, 2006 Ohio App. LEXIS 1045 (Ohio App. 12th Dist., March 13, 2006)). Petitioner filed an appeal to the Supreme Court of Ohio, which dismissed such appeal on the ground that it did not involve any constitutional question (Id.). On April 9, 2007, Petitioner, acting pro se, filed a petition for writ of habeas corpus alleging four grounds of relief (doc. 1).

In ground one of his Petition, Petitioner claims that the trial court erred by convicting him on the charge of escape when he had not been advised, prior to his sentencing for the 2002 burglary conviction, that Post Release Control ("PRC") would be imposed upon his release (Id.). Petitioner supports this contention claiming that the failure to notify him of the PRC deprived the Adult Parole Authority ("APA") of the power to impose PRC on him (Id.). Thus, Petitioner's position is that the conviction for escape should be nullified, even though there is no dispute that he failed to contact his parole officer (Id.).

In ground two, Petitioner claims the trial court had a statutory duty to notify him of the PRC at the 2002 sentencing hearing and that without such notification, the escape charge was contrary to law (Id.). Petitioner argues that because the escape conviction was based on a PRC violation, it cannot stand because the violation is void (Id.).

In ground three, Petitioner claims the trial court should have granted his Ohio Crim. R. 29 motion for dismissal of the 2004 burglary indictment under Ohio Rev. Code § 2911.12 because the evidence did not sufficiently show he had trespassed in an occupied structure (Id.). Petitioner supports this claim by asserting that no witness presented evidence that he had actually entered the structure (Id.).

In ground four, Petitioner claims the structure was not "occupied" under the meaning in Ohio Rev. Code § 2909.01 and therefore he could not legitimately be found guilty of burglary under Ohio Rev. Code § 2911.12 (Id.). Petitioner argues that because the owner of the building was in prison and there was no evidence that the owner would ever return, it was not a permanent or temporary dwelling as defined in Ohio Rev. Code § 2909.01 (Id.).

**II. The Magistrate Judge's Report and Recommendation**

With regard to ground one of the Petition, that there was improper notification of the possibility of PRC, the Magistrate Judge points out that Petitioner believes that Respondent has made

a procedural default defense, but that Respondent has actually defended against ground one on the merits (doc. 13). Because Petitioner pled guilty to the charge of escape, the Magistrate Judge reported that federal habeas corpus review of Petitioner's claims are limited to "the nature of the advice and the voluntariness of the plea" (Id., citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)). The Magistrate Judge further reports that Petitioner has not challenged whether his plea was voluntary, but instead has attacked the sufficiency of the 2002 PRC notification (Id.).

The Magistrate Judge found that the issue presented in ground one is a question of state law and the Court of Appeals, on direct appeal, held that the notification of PRC at the sentencing hearing was sufficient (Id.). Moreover, the Magistrate Judge found that because the issue of notification about PRC is a state law question and a state court decided the issue, this Court is bound by the Court of Appeals' decision (Id.). Accordingly, the Magistrate Judge concluded that ground one is without merit (Id.).

With respect to ground two, the Magistrate Judge found the claim is barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)("AEDPA") (Id.).

As for ground three, the Magistrate Judge, citing, inter alia, Jackson v. Virginia, 443 U.S. 307 (1979), found Petitioner's allegation that there was insufficient evidence to bring about the

4

guilty verdict for the 2004 burglary amounts to a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution (Id.). The Magistrate Judge, quoting Jackson v. Virginia, 443 U.S. at 319, indicates the standard of review is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (Id.). The Magistrate Judge notes that such standard was adopted as Ohio law in State v. Jenks, 61 Ohio St. 3d, 259 (1991) (Id.). Further, the Magistrate Judge reports that, on Petitioner's direct appeal, he challenged whether there was sufficient proof that the structure was "occupied" under the meaning in Ohio Rev. Code § 2911.12, rather than whether there was sufficient proof that he had actually trespassed (Id.). Therefore, the Magistrate Judge concluded that because Petitioner never directly appealed the issue of trespass, it was not fairly presented on direct appeal and Petitioner waived the issue for federal habeas review (Id.).

As for ground four, whether the building was an "occupied structure," the Magistrate Judge found Petitioner raised the issue on direct appeal, and the Court of Appeals rejected Petitioner's argument (Id.). The Magistrate Judge quotes the Court of Appeals' opinion at length, which shows the Court of Appeals found that the building in question was indeed an "occupied structure" under the meaning of Ohio Rev. Code § 2909.01 (Id., citing State v. Jackson, 2006 Ohio App. LEXIS 1045). The Magistrate Judge further concluded

5

that even though Petitioner contends that the Court of Appeals' decision is objectively unreasonable, there is no federal question involved in this claim (Id.). The Magistrate Judge found that the interpretation of "occupied structure" as part of a state statute is a job for the state court, as is determining the elements of a crime (Id.). Because the Court of Appeals carefully reviewed the case law interpreting "occupied structure" and found the structure in question to fit within the definition, the Magistrate Judge concluded that Petitioner's claim in ground four is without merit (Id.).

**III. Petitioner's Objections**

Petitioner untimely filed his Objection on February 15, 2008 (doc. 15). In the interests of justice, the Court will consider Petitioner's arguments.

Petitioner objects to the Magistrate Judge's conclusion rejecting ground one of his Petition, and claims he "was not notified about the fact that the Ohio Adult Parole Authority don't [sic] have sentencing power, and only the court has the power to sentenced [sic] a person for the commission of a crime" (Id., citing State v. Hernandez, 844 N.E.2d 301 (Ohio 2006)). Petitioner's citation to Hernandez, appears to signal Petitioner is challenging the APA's authority to impose PRC. 844 N.E.2d at 304, citing State v. Jordan, 817 N.E.2d 864 (Ohio 2004)("unless a trial court includes postrelease control in its sentence, the Adult

6

Parole Authority is without authority to impose it").

Regarding ground two, Petitioner concedes it should be denied (Id.). As for ground three, Petitioner argues the state did not prove each element of burglary beyond a reasonable doubt, in violation of his due process rights (Id.). Finally, with regard to ground four, Petitioner objects to the Magistrate Judge's Report and Recommendation arguing that (1) there was no evidence introduced at trial that he forcefully entered the building; and (2) the building does not fit the definition of "occupied structure" (Id.). As for the latter claim, Petitioner asserts the building was not occupied, the owner of the building was not available, and the building was being used for storage purposes (Id.).

## IV. Discussion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. As for ground one, Petitioner's objection to the Magistrate Judge's report fails to address the fact that, because Petitioner pled guilty to escape, federal habeas review is limited to the advice and voluntariness of such plea. Tollett, 411 U.S. at 266. The Court agrees with the Magistrate Judge's position that because, here, the state Court of Appeals found sufficient the trial court's notification regarding PRC and because the question is one of state law, that decision is binding on this Court.

7

Moreover, the Court does not find Petitioner's citation to Hernandez, 844 N.E.2d 301, on point. Unlike here, in that case it is clear that there was no judicial determination finding sufficient the notification regarding PRC. In any event, the application of Hernandez is questionable as the Ohio legislature superceded the ruling in promulgating Ohio Rev. Code § 2929.191. State v. Holda, No. 2007CA0045, 2008 WL 732612 (Ohio App. 5 Dist. Mar. 17, 2008). As such, the Court concludes the Magistrate Judge is correct that there is no basis for habeas relief in ground one.

The Court further agrees with the Magistrate Judge's position on ground two, and finds no basis for relief on this ground because the claim is barred by the AEDPA statute of limitations.

As for ground three, the Court further agrees with the Magistrate Judge that because Petitioner did not present the issue of insufficient evidence on direct appeal, it is not available for federal habeas review. In his Objection, Petitioner fails to address the Magistrate Judge's conclusion that he waived his challenge to the sufficiency of the evidence as to the trespass and burglary convictions. Furthermore, to challenge each element of burglary individually, Petitioner would have needed to specify his challenges in his Petition and the challenges must also have been fairly presented on direct appeal. Petitioner did not; and therefore his claims in ground three are not properly before this Court.

As for ground four, the Court agrees with the Magistrate Judge that there is no federal question at all involved with this claim.  The Ohio Court of Appeals carefully reviewed Ohio case law applicable to whether a building fits the definition of "occupied structure," and found the structure at issue in this case met the definition.  Petitioner's objection that there was insufficient evidence showing forceful entry is merely a reiteration of his objections expressed in ground three, which the Court found he waived.  The Court concludes Petitioner has no basis for habeas corpus relief in ground four of his petition.

**V.   Conclusion**

For the aforementioned reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  The Court also FINDS that a certificate of appealability should not issue with respect to the claims in all four grounds of the petition and DENIES leave to appeal <u>in forma pauperis</u> because reasonable jurists would not disagree with the Court's ruling.

SO ORDERED.

Date: June 11, 2008          /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States District Senior Judge

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

1:07-CV-281
SAS DN16

Postmark Here

Sent To: Sterling Jackson #489-002
Street, Apt. No.; or PO Box No.: Pickaway Corr. Inst., PO Box 209
City, State, ZIP+4: Orient, OH 43146

PS Form 3800, August 2006 — See Reverse for Instructions

7007 0710 0000 8130 4264